# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DERRELL LEE CHRISTY, JR., | Case No.: 2:21-cv-00132-APG-BNW |
| Petitioner, | ORDER |
| v. | |
| WILLIAM HUTCHINGS, *et al.,* | |
| Respondents. | |

This action is a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, by Derrell Lee Christy, Jr., an individual incarcerated at Nevada's Southern Desert Correctional Center. Christy initiated this action pro se on January 25, 2021. I appointed counsel for Christy on January 27, 2021 (ECF No. 5), and appointed counsel appeared for Christy on February 17, 2021 (ECF No. 7). Respondents appeared on February 11, 2021 (ECF No. 6).

On February 17, 2021, with counsel, Petitioner filed a first amended habeas petition (ECF No. 8). Petitioner also filed a Motion for Leave to File Second Amended Petition (ECF No. 10). In that motion, Petitioner explains that the first amended petition was filed in haste to get certain claims on file before what Petitioner's counsel apparently believed to be the expiration of the applicable limitations period, and Petitioner requests leave to file a second amended petition after his counsel has an opportunity to examine the record, meet with Christy, conduct legal research, and do necessary investigation. Respondents did not respond to the motion for leave to file a second amended petition.

Under Federal Rule of Civil Procedure 15(a)(2), a party may amend a pleading with leave of court. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Rule 15 reflects a "policy of favoring amendments to pleadings," and courts apply that policy with extreme liberality. *See Waldrip v. Hall*, 548 F.3d 729, 732 (9th Cir. 2008).

I will grant the motion for leave to amend, and, given that the point is to allow Petitioner's counsel to examine the file, meet with Christy, conduct legal research, and do necessary investigation before filing the second amended petition, I will waive the requirement of Local Rule LR 15-1(a), which generally requires a party moving for leave to amend a pleading to attach a copy of the proposed amended pleading to the motion. I will also set forth a schedule for further proceedings in this case.

I THEREFORE ORDER that Petitioner's Motion for Leave to File Second Amended Petition **(ECF No. 10) is GRANTED**.

I FURTHER ORDER that, unless otherwise ordered, the following schedule will govern further proceedings in this case:

Second Amended Petition. Petitioner will have 90 days from the date of this order to file a second amended petition for writ of habeas corpus.

Response to Second Amended Petition. Following the filing of the second amended petition, Respondents will have 90 days to file an answer, or other response, to the second amended petition.

Reply. Petitioner will have 60 days following the filing of an answer to file a reply. Respondents will thereafter have 30 days following the filing of a reply to file a response to the reply.

Briefing of Motion to Dismiss. If Respondents file a motion to dismiss, Petitioner will have 60 days following the filing of the motion to file a response to the motion. Respondents will thereafter have 30 days following the filing of the response to file a reply.

Discovery. If Petitioner wishes to move for leave to conduct discovery, Petitioner must file such motion concurrently with, but separate from, the response to Respondents' motion to dismiss or the reply to Respondents' answer. Any motion for leave to conduct discovery filed by Petitioner before that time may be considered premature, and may be denied, without prejudice, on that basis. Respondents must file a response to any such motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to Petitioner's reply. Thereafter, Petitioner will have 20 days to file a reply in support of the motion for leave to conduct discovery.

Evidentiary Hearing. If Petitioner wishes to request an evidentiary hearing, Petitioner must file a motion for an evidentiary hearing concurrently with, but separate from, the response to Respondents' motion to dismiss or the reply to Respondents' answer. Any motion for an evidentiary hearing filed by Petitioner before that time may be considered premature, and may be denied, without prejudice, on that basis. The motion for an evidentiary hearing must specifically address why an evidentiary hearing is required and must meet the requirements of 28 U.S.C. § 2254(e). The motion must state whether an evidentiary hearing was held in state court, and, if so, state where the transcript is located in the record. If Petitioner files a motion for an evidentiary hearing, Respondents must file a response to that motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to Petitioner's reply. Thereafter, Petitioner will have 20 days to file a reply in support of the motion for an evidentiary hearing.

DATED:  March 5, 2021

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

3