**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DERRELL LEE CHRISTY, JR., | Case No.: 2:21-cv-00132-APG-BNW |
| Petitioner, | **Order Granting Motion for Leave to File Documents under Seal** |
| v. | [ECF No. 37] |
| WILLIAM HUTCHINGS, *et al.*, | |
| Respondents. | |

In this habeas corpus action, the petitioner, Derrell Lee Christy, Jr., represented by appointed counsel, filed a second amended habeas petition on November 30, 2021 (ECF No. 18). Respondents filed a motion to dismiss on April 22, 2022 (ECF No. 27). Christy is to respond to the motion to dismiss by June 21, 2022. (*See* ECF No. 11.)

On April 25, 2022, Respondents filed a motion (ECF No. 37), requesting leave of court to file three exhibits—Exhs. 15, 34 and 35—under seal. The exhibits Respondents propose to file under seal are a temporary custody record (Exh. 15), a presentence investigation report (Exh. 34), and three pages of a letter written by Christy, which, according to Respondents, is part of the presentence investigation report (Exh. 35).

While there is a strong presumption in favor of public access to judicial filings and courts prefer that the public retain access to them, *see Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978), a court may seal its records if a party demonstrates "compelling reasons" to do so. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006). "Compelling reasons" exist where the records could be used for improper purposes. *Kamakana*, 447 F.3d at 1179 (citing *Nixon*, 435 U.S. at 598).

The presentence investigation report and the letter, as well as the temporary custody record, contain sensitive confidential information that could be used for improper purposes. Under Nevada law, presentence investigation reports are confidential, and are not to be made part of a public record. *See* NRS 176.156(5). Respondents represent that all three documents they wish to file under seal were filed under seal in state court. In view of the state law and the state courts' sealing of the documents and considering the nature of the information in the documents, I find that there compelling reasons for these exhibits to be filed under seal.

It is therefore ordered that Respondents' Motion for Leave to File Exhibits Under Seal **(ECF No. 37) is GRANTED**. As the exhibits in question—Exhs. 15, 34 and 35—have already been filed under seal (ECF No. 38), no further action is necessary in this regard.

DATED: May 10, 2022

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE