# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

DERRELL LEE CHRISTY, JR.,

        Petitioner,

v.

WILLIAM HUTCHINGS, *et al.,*

        Respondents.

Case No.: 2:21-cv-00132-APG-BNW

**Order Granting Motion for Stay**
**and**
**Denying Motion to Dismiss as Moot**

[ECF Nos. 27, 42]

     Petitioner Derrell Lee Christy, Jr. filed a second amended habeas petition. ECF No. 18. The respondents moved to dismiss, arguing that some of Christy's claims are barred by the statute of limitations and others are unexhausted in state court. ECF No. 27.  In response, Christy filed a motion for stay. ECF No. 42.  Christy acknowledges that some of his claims are unexhausted in state court, states that he has initiated a new state habeas action asserting the unexhausted claims, and requests that this action be stayed until the state court proceedings have concluded. *Id*.  The respondents do not oppose a stay. ECF No. 43.

     In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court of the United States circumscribed the discretion of federal district courts to impose stays to facilitate habeas petitioners' exhaustion of claims in state court.  The Court stated:

> [S]tay and abeyance should be available only in limited circumstances.  Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.  Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

\*   \*   \*

> [I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.  In such circumstances, the district court should stay, rather than dismiss, the mixed petition.

544 U.S. at 277–78.  Christy asserts there is good cause for his failure to exhaust his claims previously because he did not have state post-conviction counsel, there was a *Brady* violation, and he has new evidence of actual innocence. ECF No. 42 at 3–7.  He argues that his unexhausted claims are not plainly meritless and that he has not engaged in intentionally dilatory litigation tactics. *Id.* at 5-7.  The respondents do not contest any of these showings. ECF No. 43.

I will stay this action pending the completion of Christy's state court proceedings.  My intention is that this will be the last time I impose a stay to facilitate Christy's exhaustion of claims in state court.  Christy must exhaust all his unexhausted claims in state court during the stay imposed by this order.  I will deny the respondents' motion to dismiss, without prejudice, as moot.

I THEREFORE ORDER that Christy's Motion for Stay and Abeyance **(ECF No. 42) is GRANTED**.  This action is stayed.  The stay will remain in effect while Christy exhausts in state court his unexhausted claims for habeas corpus relief.  The Clerk of the Court is directed to administratively close this case.

I FURTHER ORDER that within 30 days of the conclusion of Christy's state court proceedings, Christy must move to lift the stay of this action.

I FURTHER ORDER that this action will be subject to dismissal if Christy does not comply with the time limits in this order, or if he otherwise fails to proceed with diligence during the stay.

I FURTHER ORDER that the respondents' Motion to Dismiss **(ECF No. 27) is DENIED, without prejudice, as moot**.

DATED: June 23, 2022.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE