**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DERRELL LEE CHRISTY, JR., | Case No.: 2:21-cv-00132-APG-BNW |
| Petitioner, | **Order Granting Motion to Lift Stay and** |
| v. | **Setting Schedule for Further Proceedings** |
| RONALD OLIVER, *et al.*, | [ECF No. 46] |
| Respondents. | |

This habeas corpus action, brought under 28 U.S.C. § 2254 by Derrell Lee Christy, Jr., who is represented by appointed counsel, was stayed on June 24, 2022, pending completion of Christy's state-court proceedings. ECF No. 44. On July 10, 2024, Christy filed a Motion to Reopen Case, stating that his state-court proceedings have been completed and requesting that I lift the stay and issue a scheduling order. ECF No. 46. Respondents did not respond to Christy's motion. I will grant Christy's motion and will lift the stay and set a schedule for further proceedings.

IT IS THEREFORE ORDERED that Petitioner's Motion to Reopen Case **(ECF No. 46) is GRANTED**. The stay of this action is lifted. The Clerk of the Court is directed to reopen this case.

IT IS FURTHER ORDERED that, pursuant to Federal Rule of Civil Procedure 25(d), Ronald Oliver is substituted for William Hutchings as the respondent warden. The Clerk of the Court is directed to update the docket to reflect this change.

///

///

IT IS FURTHER ORDERED that the following schedule will govern further proceedings in this action:

1. Response to Petition.  Respondents will have 90 days following the entry of this order to file an answer or other response to Petitioner's second amended habeas petition (ECF No. 18).

2. Reply and Response to Reply.  Petitioner will have 60 days following the filing of an answer to file a reply. Respondents will thereafter have 30 days following the filing of a reply to file a response to the reply.

3. Briefing of Motion to Dismiss.  If Respondents file a motion to dismiss, Petitioner will have 60 days following the filing of the motion to file a response to the motion. Respondents will thereafter have 30 days following the filing of the response to file a reply.

4. Discovery.  If Petitioner wishes to move for leave to conduct discovery, Petitioner shall file such motion concurrently with, but separate from, the response to Respondents' motion to dismiss or the reply to Respondents' answer. Any motion for leave to conduct discovery filed by Petitioner before that time may be considered premature, and may be denied, without prejudice, on that basis. Respondents shall file a response to any such motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to Petitioner's reply. Thereafter, Petitioner will have 20 days to file a reply in support of the motion for leave to conduct discovery.

5. Evidentiary Hearing.  If Petitioner wishes to request an evidentiary hearing, Petitioner shall file a motion for an evidentiary hearing concurrently with, but separate from, the response to Respondents' motion to dismiss or the reply to Respondents' answer. Any motion for an evidentiary hearing filed by Petitioner before that time may be considered premature, and may be denied, without prejudice, on that basis. The motion for an evidentiary hearing must specifically

address why an evidentiary hearing is necessary and must satisfy the requirements of 28 U.S.C. § 2254(e). The motion must state whether an evidentiary hearing was held in state court, and, if so, state where the transcript is located in the record. If Petitioner files a motion for an evidentiary hearing, Respondents shall file a response to that motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to Petitioner's reply. Thereafter, Petitioner will have 20 days to file a reply in support of the motion for an evidentiary hearing.

DATED: July 30, 2024

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE