1  Rene L. Valladares
   Federal Public Defender
2  Nevada State Bar No. 11479
3  *Andréa L. Vieira
   Assistant Federal Public Defender
4  Nevada State Bar No. 15667
   411 E. Bonneville Ave., Ste. 250
5  Las Vegas, Nevada 89101
   (702) 388-6577
6  Andrea_Vieira@fd.org

7

8  *Attorney for Petitioner Derrell Lee Christy, Jr.

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Derrell Lee Christy, Jr., | Case No. 2:21-cv-00132-APG-BNW |
| Petitioner, | **ORDER granting** |
| v. | **Unopposed Motion for Extension of Time to File Opposition to Respondents' Motion to Dismiss**[1] |
| William Hutchings, *et al.*, | |
| Respondents. | |
| | (First Request) |

Petitioner Derrell Christy respectfully moves this Court for an extension of time of 60 days from February 21, 2025, to and including April 22, 2025, to file Petitioner's opposition to Respondents' second Motion to Dismiss.

This is the first request to extend this deadline. This request for an extension is made in good faith and not solely for the purpose of delay. Good cause exists for the requested extension because of (1) the complex and voluminous record in this case, (2) the need for newly assigned counsel to thoroughly review the materials, (3) unforeseen office disruptions, and (4) the necessity of meeting with Mr. Christy before finalizing the opposition.

---

[1] ECF No. 54.

Respondents do not oppose this request. Given the complexity of this case and the procedural posture, this extension is necessary to ensure effective assistance of counsel and allow for a comprehensive response to the motion to dismiss.

### POINTS AND AUTHORITIES

**I.    Brief Procedural History**

This case has a complex procedural history spanning multiple courts and thousands of pages of records. On January 10, 2017, Mr. Christy was sentenced to an aggregate term of 10 to 40 years following his convictions for attempt murder, attempt burglary, possession of a firearm by prohibited person, and related offenses.

Mr. Christy mailed his timely pro se Petition for Writ of Habeas Corpus on or about January 13, 2021.[2] This Court appointed the Office of the Federal Public Defender as counsel for Mr. Christy on January 27, 2021.[3]

On February 17, 2021, C.B. Kirschner entered her appearance as counsel for Mr. Christy, filed a First Amended (protective) Petition, and sought leave to file a Second Amended Petition.[4] The Second Amended Petition was filed on November 30, 2021.[5]

Respondents filed their first Motion to Dismiss on April 22, 2022.[6] The Motion to Dismiss with exhibits totals over 2,000 pages.[7] An Unopposed Motion for Stay was filed on June 3, 2022.[8] On June 23, 2022, this court granted the Motion for Stay and

---

[2] ECF No. 1.
[3] ECF No. 5.
[4] ECF Nos. 7, 8, & 10..
[5] ECF No. 18.
[6] ECF No. 27.
[7] ECF No. 27 and ECF No. 28-00 through ECF No. 36-10
[8] ECF No. 42.

denied the Motion to Dismiss as moot.[9] As a result, this matter was stayed pending the result of Mr. Christy's state court proceedings.[10]

Mr. Christy filed a Petition for Writ of Habeas Corpus with the Eighth Judicial District Court on June 2, 2022.[11] Findings of Fact, Conclusions of Law and Order were entered on March 3, 2023.[12]

Mr. Christy then filed a timely Notice of Appeal to the Nevada Supreme Court on April 3, 2023.[13] The Order of Affirmance was entered on May 15, 2024[14] and the Remittitur was issued on June 10, 2024.[15]

## II. Good Cause Exists for the Requested Extension

Under Rule 6 of the Federal Rules of Civil Procedure, courts have broad discretion to grant extensions of time upon a showing of good cause.[16] Rule 6 is to be liberally construed to facilitate resolution of cases on the merits.[17]

The attorney that had been working on this case, Ms. Kirschner, took the case through the state court proceedings. She left the office of the Federal Public Defender on or about September 2024. I started with the FPD in October 2024 and entered my

---

[9] ECF No. 44.

[10] *Id.*

[11] ECF No. 47-1

[12] ECF No. 47-10

[13] ECF No. 47-11

[14] ECF No. 47-15.

[15] ECF No. 47-16.

[16] *Jenkins v. Commonwealth Land Title Ins. Co.*, 95 F.3d 791, 795 (9th Cir. 1996).

[17] *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (noting that requests for extensions should be granted in the absence of bad faith or undue prejudice).

appearance in this matter on October 30, 2024.[18] Respondents filed the second Motion to Dismiss on December 23, 2024.[19]

I was out of the country for a pre-planned vacation over the holidays and did not return until January 13, 2025 Since my return, our office has remained inaccessible due to flood damage affecting multiple floors, followed by ongoing construction.

While navigating joining the FPD and the learning curve of practicing habeas law, dealing with the issues preventing us from being physically in the office and the resultant delays in accessing case files, and learning all the cases to which I have been assigned, I have been diligently going through the voluminous materials in this case so that I can understand the facts and the procedural history. However, I need more time to review the voluminous materials so that I can adequately respond to the motion to dismiss.

In addition to needing more time to review nearly eight years of procedural history spanning thousands of pages, I also need to meet with Mr. Christy. Since starting at the FPD, I have made several trips to different prisons in Carson City, Lovelock, and Las Vegas, to meet the various clients to whose cases I have been assigned. Due to travel commitments for other cases, I have not yet been able to meet with Mr. Christy, but I intend to do so before drafting the opposition. Meeting with Mr. Christy is critical for accurately addressing procedural issues and ensuring a well-supported opposition brief.

Moreover, responding to the Motion to Dismiss requires extensive research

---

[18] ECF No. 53.

[19] ECF Nos. 54 and 55.

into procedural default doctrines, the *Brady* violation claim, and a *Martinez* argument. Once I have sufficiently reviewed the case materials and procedural history, I will begin the necessary legal research to analyze the applicable law. Habeas cases require meticulous review of trial records, procedural timelines, and state court rulings. Given the voluminous nature of this case, additional time is necessary to adequately review the file materials, conduct the necessary research, and present the legal arguments.

This additional time is necessary in order to effectively represent Mr. Christy. This motion is filed in the interests of justice, as well as in the interests of Mr. Christy, and not for the purposes of unnecessary delay.

On February 21, 2025, I contacted Deputy Attorney General Katrina A. Lopez regarding this request for an extension, who stated that she has no objection.

### III. Conclusion

Based on the foregoing, I respectfully request an additional **60 days** up to and including **April 22, 2025**, to file the Petitioner's opposition to Respondents' Motion to Dismiss.

Dated February 21, 2025.

Respectfully submitted,

Rene L. Valladares
Federal Public Defender

*/s/ Andréa L. Vieira*
Andréa L. Vieira
Assistant Federal Public Defender

IT IS SO ORDERED:

Dated: February 24, 2025

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE