# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DERRELL LEE CHRISTY, JR., | Case No.: 2:21-cv-00132-APG-BNW |
| Petitioner, | **Order Denying Motion to Dismiss** |
| v. | |
| RONALD OLIVER, *et al.,* | [ECF No. 54] |
| Respondents. | |

The respondents move to dismiss Derrell Lee Christy, Jr.'s second amended petition for writ of habeas corpus (ECF No. 18), arguing that some of his claims are barred by the statute of limitations, some claims are procedurally defaulted, and one claim is not cognizable in this federal habeas action. ECF No. 54. As is explained below, I deny the motion.

## Background

Christy was convicted by a jury on June 27, 2017 in Nevada's Eighth Judicial District Court (Clark County) of attempted murder with use of a deadly weapon; attempted invasion of a home with use of a deadly weapon; attempted burglary while in possession of a firearm; battery with use of a deadly weapon resulting in substantial bodily harm; discharging a firearm at or into an occupied structure vehicle, aircraft or watercraft; and ownership or possession of a firearm by a prohibited person. ECF No. 32-17. He was sentenced to an aggregate of 10-40 years in prison. *Id*. Christy appealed. ECF No. 32-22 (amended opening brief). The Nevada Court of Appeals affirmed the judgment of conviction on May 15, 2018. ECF No. 33-5. The remittitur issued on June 12, 2018. ECF No. 33-7.

On December 3, 2018, Christy filed a *pro se* habeas petition in the state district court. ECF No. 34-1. The court entered an order denying the petition on October 1, 2019. ECF No. 35-11. Christy appealed. ECF No. 36-2 (informal brief). On May 11, 2020, the Nevada Court of Appeals affirmed the district court's judgment. ECF No. 36-6. The remittitur issued on June 9, 2020. ECF No. 36-7.

Christy's *pro se* habeas petition, initiating this case, was filed on January 25, 2021. ECF No. 1. He alleges that it was mailed to this court for filing on January 13, 2021. *Id.* at 1. I appointed counsel for Christy (ECF No. 5), and, with counsel, Christy filed a first amended petition on February 17, 2021 (ECF No. 8), and a second amended petition—his operative petition—on November 30, 2021 (ECF No. 18). In his second amended petition, Christy asserts the following claims of violations of his federal constitutional rights:

A.     The State withheld exculpatory and material evidence.

B.     Christy received ineffective assistance of trial counsel.

1.     "Trial counsel failed to challenge Tyrone Golden's tainted and unreliable identification of Mr. Christy."

2.     "Trial counsel failed to oppose joinder or move to sever Mr. Christy's case from his co-defendant, Deon Smalley."

3.     "Trial counsel failed to investigate the case."

4.     "The cumulative impact of counsel's deficient performance prejudiced Mr. Christy."

ECF No. 18.

The respondents moved to dismiss on April 22, 2022. ECF No. 27. In response, Christy filed a motion for a stay to allow him to further exhaust claims in state court. ECF No. 42. The respondents did not oppose the motion for stay (*See* ECF No. 43), and I granted the motion and

stayed the case on June 23, 2022. ECF No. 44.  I denied the motion to dismiss, without prejudice, as moot. *Id*.

On June 2, 2022, Christy initiated a second state-court habeas action. ECF No. 47-1 (petition).  The state district court denied the petition on July 10, 2024, ruling it time barred, successive, and an abuse of the writ, and ruling that Christy failed to make a showing to overcome the procedural bars. ECF No. 47-10.  Christy appealed. ECF No. 47-12 (opening brief).  The Supreme Court of Nevada affirmed on May 15, 2024. ECF No. 47-15.  The remittitur issued on June 10, 2024. ECF No. 47-16.

The stay of this action was lifted on July 30, 2024 (ECF No. 49), and on December 23, 2024, the respondents filed the motion to dismiss that I address below. ECF No. 54; *see also* ECF Nos. 60 (Christy's opposition), 61 (the respondents' reply).

**Discussion**

**1.    *Statute of Limitations***

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) includes a one-year limitation period for federal habeas petitions brought by state prisoners under 28 U.S.C. § 2254. 28 U.S.C. § 244(d)(1).  The one-year period begins to run from the latest of four possible triggering dates, the most common being the date on which the petitioner's state court conviction became final (by either the conclusion of direct appellate review or the expiration of time for seeking such review). *Id*.  The one-year period is tolled while a "properly filed" state post-conviction action or other collateral review proceeding is pending. 28 U.S.C. § 2244(d)(2).  The limitation period resumes when the post-conviction judgment becomes final upon issuance of the state appellate court's remittitur. *Jefferson v. Budge*, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005).  An

1 untimely state post-conviction petition is not "properly filed" and does not toll the limitation

2 period. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).

3        A federal habeas petition "may be amended or supplemented as provided in the rules of

4 procedure applicable to civil actions." 28 U.S.C. § 2242.  Under Federal Rule of Civil Procedure

5 15(c), the petitioner may include an otherwise untimely claim in an amended habeas petition if it

6 relates back to a claim in a timely filed petition.  A claim relates back if the claim in the amended

7 petition "arose out of the conduct, transaction, or occurrence set out" in the earlier petition. Fed.

8 R. Civ. P. 15(c)(1)(B).  Rule 15(c) permits relation back only when new claims "arise from the

9 same core facts as the timely filed claims, and not when the new claims depend upon events

10 separate in both time and type from the originally raised episodes." *Mayle v. Felix*, 545 U.S. 644,

11 657 (2005) (internal quotation marks omitted).

12        In this case, the AEDPA limitation period began to run on August 14, 2018, when the 90

13 days for Christy to petition the United States Supreme Court for certiorari ran out after the

14 Nevada Court of Appeals affirmed the judgment of conviction on direct appeal.  One hundred an

15 eleven days ran against the one-year period before Christy filed his first state habeas action on

16 December 3, 2018, tolling the limitation period.  The tolling lasted until June 9, 2020, when the

17 Supreme Court of Nevada issued its remittitur after affirming the denial of Christy's petition.

18 The 254 remaining days of the limitation period ran out on February 18, 2021.  Therefore,

19 Christy's original habeas petition, sent for filing on January 13, 2021 (ECF No. 1), and his first

20 amended petition, filed on February 17, 2021 (ECF No. 8), were filed before the period expired,

21 but his second amended petition, filed on November 30, 2021 (ECF No. 18), was filed after the

22 period expired.  This much is undisputed. *See* ECF No. 54 at 6–7; ECF No. 60 at 2.  The

23 question is whether the claims in Christy's second amended petition relate back to claims in

either his original or first amended petition.  The respondents contend that Grounds A, B(1), B(2) and B(3) (in part) do not relate back.

a.      Ground A

In Ground A, Christy claims his federal constitutional rights were violated because the prosecution withheld exculpatory and material information concerning the contents of a surveillance video at a Jack in the Box restaurant where Christy's car was allegedly seen before the shooting that resulted in his conviction. ECF No. 18 at 7–9.  This claim shares core operative facts with Claim C in Christy's first amended petition. ECF No. 8 at 15–17.  Ground A therefore relates back to the first amended petition and is not barred by the statute of limitations.

b.      Ground B(1)

In Ground B(1), Christy claims his federal constitutional rights were violated because he received ineffective assistance of trial counsel on account of counsel's failure to challenge the identification of Christy by Tyrone Golden, a victim of the shooting that resulted in Christy's conviction. ECF No. 18 at 10–14.  The core operative facts underlying this claim—alleged flaws of Golden's identification of Christy and trial counsel's ineffectiveness in challenging the identification—were alleged in Ground 6 of Christy's original petition, which was incorporated by reference into his first amended petition. *See* ECF No. 1 at 30–33; ECF No. 18 at 2. Additionally, Ground B(1) of the first amended petition was based on many of the same alleged flaws of Golden's identification of Christy. *See* ECF No. 18 at 9–12.  Ground B(1) relates back to Christy's original and first amended petitions and is not barred by the statute of limitations.

c.      Ground B(2)

In Ground B(2), Christy claims his federal constitutional rights were violated because he received ineffective assistance of trial counsel on account of counsel's failure to oppose joinder

or move to sever his case from that of his co-defendant, Deon Smalley. ECF No. 18 at 14–16. This claim shares core operative facts with Ground 9 of Christy's original petition (ECF No. 8 at 45–48), which was incorporated by reference into his first amended petition (ECF No. 18 at 2). Ground B(2) relates back and is not barred by the statute of limitations.

      d.     Ground B(3)

In Claim B(3), Christy claims his federal constitutional rights were violated because he received ineffective assistance of trial counsel on account of counsel's failure to adequately investigate his case. ECF No. 18 at 16–20. Christy claims that if counsel had adequately investigated, counsel would have discovered that Smalley drove a car that looked nearly identical to Christy's, and that the car seen at the Jack in the Box did not follow Golden through the drive-in without stopping to pick up food, as alleged, but did in fact stop for food. *Id.* Claim B(3) shares core operative facts with Grounds 1, 3 and 7 of Christy's original petition (*see* ECF No. 1 at 3–6, 14–19, 35–39), which was incorporated by reference into his first amended petition (ECF No. 18 at 2). Ground 3(B) relates back and is not barred by the statute of limitations.

2.    ***Procedural Default***

A federal court will not review a claim for habeas corpus relief if the state court's denial of relief on the claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). The *Coleman* Court stated the effect of a procedural default:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986).  Before a federal court finds procedural default, it must determine that the state court explicitly invoked a state procedural bar as a separate basis for its decision. *Id.* at 729–30; *McKenna v. McDaniel*, 65 F.3d 1483, 1488 (9th Cir. 1995), *cert. denied*, 517 U.S. 1150 (1996).  And the state rule cited must have been "clear, consistently applied, and well-established at the time of the petitioner's purported default." *Calderon v. United States Dist. Court for the E. Dist. of Cal.*, 96 F.3d 1126, 1129 (9th Cir. 1996).

To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *See Murray*, 477 U.S. at 488.  The external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).  To demonstrate prejudice, the petitioner bears "the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989) (citing *United States v. Frady*, 456 U.S. 152, 170 (1982)).

Ineffective assistance of postconviction counsel, or lack of postconviction counsel, may serve as cause with respect to a claim of ineffective assistance of trial counsel. *Martinez v. Ryan*, 566 U.S. 1 (2012).  "Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance of trial counsel if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Martinez*, 566 U.S. at 17; *see also Trevino v. Thaler*, 569 U.S. 413, 423 (2013)

1  (regarding the showing necessary to overcome a procedural default under *Martinez*).  Nevada

2  law requires prisoners to raise ineffective assistance of counsel claims for the first time in a state

3  petition seeking postconviction review, which is the initial collateral review proceeding for the

4  *Martinez* rule. *See Rodney v. Filson*, 916 F.3d 1254, 1259–60 (9th Cir. 2019).

5      The respondents argue that all of Christy's claims are barred, in whole or in part, by the

6  procedural default doctrine.

7          a.      Ground A

8      In Ground A, Christy claims he was denied due process of law because the prosecution

9  withheld evidence in violation of his due process protections under the federal constitution as

10  construed in *Brady v. Maryland*, 373 U.S. 83 (1963). ECF No. 18 at 7–9.

11      On the appeal in Christy's second state habeas action, the Supreme Court of Nevada

12  determined that this *Brady* claim was procedurally barred because it was untimely, successive,

13  and an abuse of writ. ECF No. 47-15 at 3–7.  And that court determined that Christy failed to

14  overcome the procedural bars. *Id*.  The court ruled that the alleged withholding of evidence,

15  itself, did not amount to cause and prejudice to overcome the procedural bars. *Id.* at 4.  The court

16  considered the merits of the *Brady* claim—a claim under the federal constitution—in addressing

17  the question of cause and prejudice. *Id*. ("Christy has not demonstrated that the State violated

18  *Brady*, and consequently he has not shown good cause or prejudice.").  Under Ninth Circuit

19  authority, the Supreme Court of Nevada's application of the state-law procedural bars to the

20  *Brady* claim was not independent of the merits of the claim. *See Cooper v. Neven*, 641 F.3d 322,

21  332 (9th Cir. 2011).  Ground A is not procedurally defaulted.

22  / / / /

23  / / / /

b.      Ground B(2)

In Ground B(2), Christy claims his federal constitutional rights were violated because he received ineffective assistance of trial counsel on account of counsel's failure to oppose joinder or move to sever his case from that of his co-defendant, Deon Smalley. ECF No. 18 at 14–16. Christy asserted this claim of ineffective assistance of trial counsel in his first state habeas petition and on the appeal in that action, and the Nevada Court of Appeals affirmed the denial of relief on the claim on its merits. ECF Nos. 34-1, 36-2; ECF No. 9-4 at 6–7.  Therefore, Ground B(2) is not procedurally defaulted.

c.      Grounds B(1), B(3) and B(4)

Grounds B(1), B(3) and B(4) are Christy's claims that he received ineffective assistance of trial counsel because counsel failed to challenge Golden's identification of Christy (Ground B(1)); because counsel failed to adequately investigate the case (Ground B(3)); and because of the cumulative impact of counsel's alleged deficiencies (Ground B(4)). ECF No. 18.

The respondents argue that Grounds B(1), B(3) and B(4) are procedurally defaulted in whole or in part. *See* ECF No. 54 at 12–14.  Christy responds that he can overcome the procedural default under *Martinez*. *See* ECF No. 60 at 11–13.  The issue of the procedural default of these claims—the analysis under *Martinez*— necessarily involves consideration of the merits of the claims.  Therefore, the procedural default issues will be better addressed after the respondents file an answer and Christy files a reply.  For this reason, I deny the motion to dismiss without prejudice to the respondents asserting the procedural default defense to Grounds B(1), B(3) and B(4) in their answer, along with their analysis of the merits of the claims.

/ / / /

/ / / /

9

3.      ***Cognizability of Ground B(4)***

The respondents argue in their motion to dismiss that Ground B(4), the cumulative error claim, is not cognizable in this federal habeas action. *See* ECF No. 54 at 10–12.  This issue will be better addressed after the respondents file an answer and Christy files a reply.  I therefore deny the motion to dismiss without prejudice to the respondents asserting in their answer, along with their analysis of the merits of the claim, their argument that Ground B(4) is not cognizable in this action.

### Conclusion

I THEREFORE ORDER that the respondents' motion to dismiss **[ECF No. 54] is DENIED**.

I FURTHER ORDER that the respondents have until November 21, 2025, to file an answer to Christy's second amended habeas petition (ECF No. 18).  In all other respects, the schedule for further proceedings set forth in the scheduling order entered July 30, 2024 (ECF No. 49) remains in effect.

DATED: August 19, 2025.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE